## John S. Brown

*vs.*

## Henry D. Gurney, impleaded with George W. Flanders.

Referee's findings of fact upheld, upon a consideration of conflicting testimony, and in view of the fact that it does not appear that all the evidence submitted to the referee is returned to this court.

Where payment was to be made by plaintiff for certain money and goods furnished by defendants to plaintiff, when certain ties assigned and delivered by plaintiff to defendants, as security therefor, should be sold and proceeds realized, it is to be taken, in the absence of an express agreement to pay interest, that the money and goods were furnished *upon a credit*, which did not expire until the ties were sold and the proceeds of sale received by defendants, and that defendants were not entitled to interest upon the amount of the money and goods furnished, down to the time when they were paid from the sale of the ties.

This action was brought in the district court for Chisago county. In his complaint the plaintiff alleges an agreement between himself and the defendants, whereby they agreed to

furnish him with supplies for the business of cutting railroad ties, in which he was engaged, and that they would charge and receive for such supplies what the same were reasonably worth. The complaint further alleges that as security for payment, the plaintiff executed to the defendants an assignment of the log mark of the ties, and the defendants thereupon agreed to account to him for the proceeds of the sale of the ties they might receive, and, after deducting the amount due them for supplies, to pay the balance to the plaintiff; that the defendants have received and sold, and received payment for, all said ties, but refuse to account to the plaintiff for the proceeds of sale, out of which the sum of about $1,800 is due to the plaintiff, but the exact sum cannot be ascertained without an accounting. The prayer for relief is, that defendants account, &c., and that plaintiff have judgment for the balance found due to him on such accounting.

The defendant Gurney, (who alone appeared in the action,) separately answering, alleges that at the time the defendants agreed to furnish plaintiff with supplies, they were doing business as merchants at North Branch in Chisago county ; that on the 13th of December, 1871, an agreement was made by them with the plaintiff for furnishing him with supplies, &c., and to advance money to him, &c., as needed in his business, &c., in consideration whereof, plaintiff was to purchase of them all the supplies he might require, upon the same terms, and at the same rates, which they were accustomed to charge their other customers, and to assign the log mark, &c. ; that as a further consideration,—and for the reason that the supplies were to be furnished and money advanced on a long credit, and until plaintiff should be able to realize from the sale of the ties,—the plaintiff agreed to pay the defendants, in addition to all charges to be made by them, whether for supplies furnished or money advanced, &c., a sum equal to

Brown v. Gurney.

twelve per cent. upon all such charges whatsoever, upon the final settlement; that on account of the hazard and risk usually incident to such transactions, there is, and then was a special local custom in Chisago, Pine and Washington counties, among merchants contracting to furnish supplies, &c., on credit to persons engaged in logging, to charge and receive, as a consideration for the credit given, a certain percentage, varying from twelve to twenty per cent., on all such credits, and that plaintiff and defendants contracted with reference to such custom.

The action was referred, and the referee found, among other things, that " plaintiff agreed that all money so furnished, and the reasonable value of all goods, wares and merchandize, should be paid to defendants when said ties should be sold, and the proceeds realized therefrom."

At the trial, the defendant Flanders having given evidence, tending to prove an agreement that plaintiff should pay a percentage of twelve per cent., without regard to the time of credit, the plaintiff's brother, called as a witness in rebuttal, testified to an admission by defendant Flanders, that he was going to furnish supplies to plaintiff at St. Paul wholesale prices, with freight added. This evidence was objected to as incompetent, irrelevant and immaterial; the objection was overruled, and an exception taken.

The defendant having introduced evidence tending to prove the alleged custom, the plaintiff was called as a witness in rebuttal, and his counsel offered to show by him, to disprove the alleged custom, that in October or November, 1871, plaintiff was furnished by one Pratt for his camp, at ordinary retail prices, without a percentage added. The evidence offered was received, under defendant's objection that it was incompetent, irrelevant, and immaterial, and the defendant excepted.

The defendant Gurney appeals from an order refusing a new trial.

Charles E. Otis, for Appellant.

Dubois Smith, for Respondent.

*By the Court.*—Berry, J.—The principal contest in this case is upon the question, whether or not there was an express agreement for the payment, by plaintiff, of a *percentage* upon the goods and money furnished by defendants. As regards this question there is so much contradiction, as well as obscurity, in the testimony, that we are by no means able to say that the referee erred in his conclusion, that the goods were to be furnished at their " reasonable value."

In addition, it is to be observed that the findings of the referee are based, as he states, upon " the allegations of the pleadings, the admissions of the parties, and the proofs submitted," and that the so-called bill of exceptions does not purport to contain the " admissions" mentioned, even if it purports to contain, (as plaintiff claims that it does not,) all the evidence bearing upon the question, whether the alleged agreement for percentage was ever consummated, or not.

In respect to the matter of interest, the referee finds that payment was to be made for the money furnished and the goods supplied, when the ties assigned by plaintiff to defendants, as security therefor, " should be sold, and the proceeds realized therefrom." For like reasons to those above given, we should not feel warranted in saying that this finding was not supported by the facts appearing before the referee. And the effect is to show that the goods and money were furnished upon a *credit*, which did not expire until the ties were sold, and the proceeds of the sale received by defendants. If this

were the case, in the absence of express agreement, the defendants were not, as they claim, entitled to interest upon the goods and money down to the time they were paid for by the sale of the ties, which were in defendants' hands and control.

The testimony of plaintiff's brother was admissible for the purpose, (if for no other,) of contradicting Flanders. Whether or not a proper foundation was laid for its reception for this purpose, does not appear; but, at any rate, no objection seems to have been taken for want of such foundation.

It may be questionable whether plaintiff's testimony as to the transaction between himself and Pratt was properly received; but it is quite apparent, in view of the findings of the referee, that it was of no practical importance in the case.

Order denying a new trial affirmed.