JOHN J. MORELAND, Administrator, *vs.* PATRICK LAWRENCE.

June 27, 1876.

Evidence—Effect of Letters of Administration.—When it appears that a probate
court has jurisdiction of the subject of the appointment of an administrator

·of the estate of a person deceased, the letters of administration issued by such court are, in a collateral proceeding, conclusive evidence of the due appointment of the person therein named as administrator.

·Same—Proceedings in the Appointment of Administrator.—Consideration of certain documentary evidence received in this case, and bearing upon the question of the appointment of an administrator.

Promissory Note—Interest after Maturity.—When a note draws interest from date at 5 per cent. per annum, but contains no stipulation as to interest after maturity, it is proper to allow interest by way of damages at the rate of 7 per cent., after the maturity of the note.

Mortgage—Defective Attestation Cured.—The defective attestation of a mortgage made May 6, 1856, attested by one witness only, is cured by Laws 1872, c. 39.

Evidence—Impeaching Character of Witness.—In impeaching a witness by attacking his character, the enquiry must be confined to his character for truth and veracity.

This action was brought in January, 1866, in the district court for Houston county, to foreclose a mortgage of lands in that county, bearing date May 6, 1856, made by defendant to one L. D. Smith, who died in 1857, and of whose estate plaintiff claimed to be administrator. The plaintiff alleged that one Kelly had fraudulently, and without consideration, obtained possession of the mortgage and mortgage notes, and had delivered them to defendant, who still retained them. The defendant, in his answer, denied the plaintiff's capacity as administrator, alleged that the mortgage was void because attested by but one subscribing witness, and alleged that, on September 25, 1856, Smith's wife, as his duly authorized agent, duly assigned the notes and' mortgage to Kelly, to whom defendant had made payment in full, and who had thereupon delivered the notes and ·mortgage to defendant, and satisfied the mortgage of record. At the trial (which was had before Abner Lewis, Esq., as referee) there was a conflict of evidence as to the alleged assignment, and as to Mrs. Smith's authority to make it. The defendant excepted to the admission of the mortgage in evidence, because not executed, acknowledged, or witnessed as required by law; and also objected to the certificate of record, because the instrument was not entitled to record.

The mortgage was attested by but one witness, and the certificate of acknowledgment was as follows : " Be it known that, on the 6th day of May, 1856, in the town of Brownsville, of Houston county, Minnesota territory, the within-named Patrick Lawrence acknowledged the within mortgage to be his free act and deed, in my presence.　John Smith, Justice of the Peace, Houston Co., M. T." The other exceptions taken appear in the opinion.　The referee reported a judgment for plaintiff, allowing interest at 5 per cent. per annum (as provided in the mortgage) before maturity, and 7 per cent. per annum thereafter.　Judgment was entered on the report, and defendant appealed.

*Hugh Cameron* and *C. H. Berry*, for appellant.

*Wm. H. Yale* and *Wilson & Taylor*, for respondent.

BERRY, J.　1. Whether there was evidence to justify the referee in finding that the plaintiff was administrator of L. D. Smith, is the first of the main questions presented by this case.　It appeared that, at the time of his death, Smith left estate to be administered in Houston county, and that he was either a resident of that county or not a resident of this state.　In either event the probate court of Houston county had jurisdiction to appoint an administrator of his estate.　Gen. St. c. 51, § 2.　It further appeared that letters of administration upon his estate were issued, by the probate court aforesaid, to the plaintiff.　When it appears that a probate court has jurisdiction of the subject of the appointment of an administrator of the estate of a person deceased, the letters of administration issued by such court are, in a collateral proceeding, conclusive evidence of the appointment of the person therein named as administrator. *Emery* v. *Hildreth*, 2 Gray, 228 ; *Mutual Benefit Life Ins. Co.* v. *Tisdale*, 91 U. S. 238.

The probate records were properly received in evidence. The record of the letters of administration, independently of proof of preliminary proceedings, was competent, upon the grounds above stated　The record of the order of pub-

lication of notice of the application for the appointment of an administrator, (such record containing a recital that the widow of L. D. Smith had appeared before the judge of probate, representing that her husband had died intestate, having property in Houston county, and asking that administration be granted to the plaintiff,) and the record of the appointment of the plaintiff as administrator, upon the day named in the order of publication, and upon proof of the death of L. D. Smith, intestate, leaving property in Houston county, and the record of the fixing of the penalty of the administrator's bond at $1,000, and of the receipt and filing of the bond, and of the taking the administration oath, were properly received by the referee, not as showing a complete compliance with all the requirements of statute touching the appointment of administrators, but as showing a compliance *pro tanto*, and to the extent of the matters stated in the record. So far as it went this evidence was corroborative of the letters of administration.

Exhibit G was also properly received by the referee. It was the order of publication, specifying, with more particularity than the record before mentioned, the time and place of hearing, and the manner of the publication required. The affidavit attached to it was taken before the judge of probate on the day of the hearing of the application, and was properly received as part of the proceedings before him, and was evidence of proper publication, as far as it went, though it was not the printer's or publisher's affidavit prescribed by statute.

The evidence showing that an administrator's bond had been duly approved by the judge of probate, and by him filed in his office, and that, upon careful search there, it could not be found, was sufficient to lay a foundation for parol evidence of its contents. *Thayer* v. *Barney*, 12 Minn. 502.

Upon the whole, then, we are of opinion that the referee's finding that plaintiff was administrator of L. D. Smith was

justified by the evidence, and, though some of the testimony bearing upon that point may not have been strictly necessary, it was not incompetent, or in any material sense improper.

2. The second principal question presented in this case is whether the evidence justified the finding that Mrs. Smith's assumed sale and transfer of the notes and mortgage were not authorized or ratified, and were therefore void. As there can be no doubt that there was abundant testimony (if the referee believed it) having a reasonable tendency to sustain this finding, this question must, upon the authority of many decisions of this court, be answered in the affirmative. *Humphrey* v. *Havens*, 12 Minn. 298 ; *Brown* v. *Gurney*, 20 Minn. 527 ; *Berkey* v. *Judd*, 22 Minn. 287.

3. The notes involved in this action drew interest from date, at 5 per cent. per annum, but contained no stipulation as to interest after maturity. Under such circumstances it was proper to allow interest by way of damages at the rate of 7 per cent., after the maturity of the notes. *Talcott* v. *Marston*, 3 Minn. 339 ; *Lash* v. *Lambert*, 15 Minn. 416.

4. The execution of the mortgage which this action is brought to foreclose was attested by one witness only ; but this defect was cured by Laws 1872, c. 39. To the acknowledgment, though it is not in the usual form as respects the statement of venue, we see no objection.

5. Upon the oral argument it was claimed that the referee erred in excluding evidence of general bad character and immoral conduct, offered for the purpose of impeaching a witness. It is settled in this state that, in impeaching a witness by attacking his character, the enquiry must be confined to his character for truth and veracity. *Rudsill* v. *Slingerland*, 18 Minn. 380.

These are all the points made to which we deem it necessary to advert.

Order affirmed.