# OTIS J. DIMICK

*v.*

# ELIZABETH DOWNS.

1. EVIDENCE—*of experts, not necessary to prove drunkenness.* Whether a person is nervous and excited, or calm, or whether drunk or sober, are facts patent to the observation of all, and their comprehension requires no particular scientific knowledge, and may be testified to by any one who knows the fact.

2. SAME—*rebutting, may be admitted in advance, in the discretion of the court.* Where the materiality of evidence, though properly rebutting, is foreshadowed by the line of defense, it is within the discretion of the court to admit it in advance of the evidence which it is to rebut.

3. SAME—*of want of chastity of plaintiff not competent in suit for assault and battery.* It is not competent for the defendant, in an action for assault and battery, to prove that the plaintiff, who is a woman, has been guilty of adultery, either for the purpose of mitigating his act or for the purpose of impeaching the credibility of the plaintiff as a witness.

4. IMPEACHING WITNESS—*of the manner thereof.* It is only the general reputation of a witness that can be inquired into for the purpose of impeaching his testimony, and the inquiry should be confined to his general character for truth and veracity, in all cases except in prosecutions for rape, assault with intent to commit rape and indecent assault, where the character of the prosecutrix for chastity may be inquired into.

5. MEASURE OF DAMAGES *for assault and battery—evidence in respect thereto.* In trespass for an assault and battery, evidence in regard to the plaintiff's nervousness and excitement soon after receiving the beating, will tend, in some degree, though it may be slight, to show the extent of the injury he was suffering under, and thus would be competent in ascertaining the amount of damages to be assessed.

APPEAL from the Circuit Court of Rock Island county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. KENWORTHY & BEARDSLEY, for the appellant.

Messrs. SWEENEY & JACKSON, and Messrs. OSBORN & CURTIS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in the court below declared against the defendant in trespass, for assaulting, beating and wounding her. Defendant pleaded not guilty. and *son assault demesne.* By consent of the parties, the cause was submitted to the jury without instructions as to the law applicable to the case, and they returned a verdict finding the defendant guilty, and assessing plaintiff's damages at $800. Motion for new trial was made by the defendant and overruled by the court, to which defendant excepted, and the case is brought here by his appeal.

That defendant assaulted plaintiff. and seriously beat and injured her, is not controverted by the defendant. He claims, however, that what he did was in his necessary self-defense.

The evidence shows that defendant was the owner of certain grounds near the city of Rock Island, used for agricultural fairs. On the 21st and 22d days of October, A. D. 1874. the Rock Island County Agricultural Association, having previously obtained the grounds of the defendant for that purpose, held a fair there for the exhibition, etc., of horses. The plaintiff and her two daughters, both of whom had reached the age of womanhood, occupied a booth on the fair grounds during this fair, in which they furnished meals and sold drinks to customers. On the day after the conclusion of the fair, as the plaintiff and the elder of her daughters were walking through the gate leading from the grounds, a short distance in front of the wagon conveying away their goods, they encountered defendant. Words of an unfriendly character were exchanged between them, when, as the witnesses for the plaintiff testify, the defendant assaulted and beat her with a poker and a buggy whip, which resulted in breaking the metacarpal bone of the left hand, and bruising her considerably about the head, shoulders and side. They deny that plaintiff was in any way armed, or that she made any hostile demonstration toward the defendant. The witnesses for the defendant prove threats made by the plaintiff before she and her daughter left the booth; that, as they advanced toward the gate where the

defendant was, plaintiff had a rock in her hand, and her daughter was armed with a piece of pine board, split for kindling wood; that they were both violent, profane and obscene in their language, as they approached the defendant, and that they not only threatened the defendant with violence, but, in fact, violently assaulted him. It is impossible to reconcile the evidence of the witnesses for the respective parties, and, in point of numbers of witnesses, and apparent fairness and intelligence in their evidence, we are unable to say that there is a decided preponderance in favor of the defendant. It was the province of the jury to determine the question of fact thus presented, and we are unable to assign any reason conclusive to our minds why their finding should be disturbed.

Plaintiff's counsel, during the progress of the trial, introduced, as a witness, one Westerby, who testified that he visited plaintiff on the same day, and shortly after, she received the injury complained of. He was then asked whether she seemed nervous or excited, and whether she was under the influence of liquor; and, also, whether, if she had been under the influence of liquor, he would have noticed it. The court, over the defendant's objection, permitted the witness to answer the questions. This ruling was excepted to upon the ground that the witness was not an expert, and, also, upon the further ground that the evidence was immaterial. We think the exception was not well taken. Whether a person is nervous and excited, or calm, or whether drunk or sober, are facts patent to the observation of all, and their comprehension requires no peculiar scientific knowledge. The evidence in regard to whether plaintiff was drunk or sober was rendered material by the evidence of the defendant tending to show that she was drunk, with a view, probably, of weakening the effect of her evidence as to her conduct at and preceding the occurrence in which she was injured. Although this, strictly, should have been rebutting, yet, when its materiality was foreshadowed by the line of the defense, it was within the discretion of the court to admit it in advance of the evidence which it was to rebut. The evidence in regard to plaintiff's nervous-

ness and excitement tended, in some degree, though it may have been slight, to show the extent of the injury she was suffering under, and was thus competent in ascertaining the amount of damages to be assessed.

The evidence offered by the defendant, and rejected by the court, to prove that plaintiff and her daughters had, at various times and places, committed adultery, and that they had also been guilty of selling spirituous liquors in violation of law, was properly rejected. If these charges were true, they did not even tend to mitigate the conduct of the defendant in assaulting and beating the plaintiff. His act in so doing was not induced by reason of their guilt in these respects; nor did their guilt withdraw them from the protection of the law against physical violence. It is said in Waterman on Trespass, vol. 2, sec. 272, p. 244: "The fact that a man bears a bad character, or keeps company with persons of evil repute, furnishes no just provocation or palliation for doing violence to his person. He may forfeit the good opinion of his fellow men, and become an object of pity or contempt, by reason of his evil habits and associations, and want of moral worth; but there is no principle of law or ethics on which, for such a cause, immunity is to be granted to those who inflict injuries upon another, or full indemnity to be denied to a party for a violation of the sanctity of his person."

But counsel for plaintiff insist the evidence was admissible for the purpose of impeaching these persons as witnesses. This, also, is untenable. In *Frye* v. *Bank of Illinois*, 11 Ill. 373, this court said: "The authorities are uniform that it is only the general reputation of a witness that can be inquired into for the purpose of impeaching his testimony; and, although there is some conflict in the decisions as to whether the inquiry should be confined to the general character of the witness for truth and veracity, we think the better rule is, that it should be so confined." This doctrine has been frequently referred to with approval in subsequent cases, and in no instance questioned.

It is true, in prosecutions for rape, assault with intent to

commit rape, and indecent assault, the character of the prosecutrix for chastity may be inquired into; but evidence of sexual prostitution is not admissible to impeach a witness, or to affect his or her credit, in any other class of cases. *Bakerman* v. *Rose*, 18 Wendell, 148; *Spears* v. *Forest*, 15 Vermont, 435; *Com.* v. *Churchill*, 11 Metc. 538; *Evans* v. *Smith*, 6 Monroe, 363.

We are of opinion there is no error in the record, and the judgment must therefore be affirmed.

*Judgment affirmed.*