### STEPHEN WARNER *vs.* M. L. LOCKERBY.

### January 23, 1884.

### On reargument, March 17, 1884.

Slander—Answer—Matter in mitigation not inconsistent with Denial. The answer denied the publication of the words charged, and then in mitigation of damages alleged previous provocation by plaintiff, and that whatever was said by the defendant, on the occasion referred to in the complaint, was spoken in the heat of passion, caused by the abusive language of plaintiff. *Held,* that these were not inconsistent; that the matters set up in mitigation did not admit the speaking of the words charged.

Same—Provocation.— In the afternoon plaintiff attacked the defendant with abusive and provoking language, and renewed the quarrel in the evening of the same day, at which last time the defamatory words were

alleged to have been spoken. *Held,* that the provocation in the afternoon was so direct and nearly contemporaneous that it was competent to be shown in mitigation of damages.

**Same—Evidence of Plaintiff's bad Reputation.**—The defamatory charge being larceny, evidence of the plaintiff's bad general reputation for *honesty and integrity* was competent in mitigation.

**Evidence—Impeaching Character of Witness.**—In impeaching a witness by attacking his character, the inquiry must be confined to his general reputation for truth and veracity; following *Moreland* v. *Lawrence,* 23 Minn. 84.

**Slander—New Trial.**—In an action for defamation, a new trial will not be granted because a verdict for defendant should have been for plaintiff for *nominal* damages. [Qualified on reargument. Rep.]

Action for slander, brought in the district court for Blue Earth county. At the trial before *Macdonald,* J., (acting for the judge of the 6th district,) and a jury, the defendant had a verdict. Plaintiff appeals from an order refusing a new trial. A decision on a former appeal in this case will be found in 28 Minn. 28.

On the trial, plaintiff and one Schroeder testified to the speaking, by defendant, of the following defamatory words addressed to the plaintiff, viz.: "You had better go and pay for that overcoat you stole," being the words charged in the complaint. Defendant and one Akers testified substantially that defendant said to plaintiff, "I ain't stole an overcoat as they say you did," and that upon plaintiff's saying, "Who says so?" the defendant replied, "I have heard it. A' son-in-law of yours told me."

One Spaulding, sworn as a witness on behalf of plaintiff, was asked the following questions in regard to defendant, viz.: "Do you know what his reputation is in Blue Earth county where you are acquainted?" and "Do you know what the general reputation of Mr. Lockerby was in the neighborhood of Mapleton, where he formerly resided before he moved to this place?" and, on defendant's objection, they were excluded.

*P. A. Foster* and *Brown & Wiswell,* for appellant.

The words charged are actionable *per se,* and it is the unquestionable rule of law in such cases that both malice on the part of defendant and intention to charge a crime are conclusively presumed from

the speaking of the words. *Simmons* v. *Holster*, 13 Minn. 232, (249;) *Shull* v. *Raymond*, 23 Minn. 66; *Lick* v. *Owen*, 47 Cal. 252; *Miller* v. *Johnson*, 79 Ill. 58; *Hamilton* v. *Eno*, 81 N. Y. 116; *Commonwealth* v. *Odell*, 3 Pittsburg, 449; *Wilson* v. *Noonan*, 35 Wis. 321; *Wilson* v. *Noonan*, 27 Wis. 598. Aggravation is not a defence in bar, but only in mitigation of damages. *Mousler* v. *Harding*, 33 Ind. 176; *Jauch* v. *Jauch*, 50 Ind. 135; *Flagg* v. *Roberts*, 67 Ill. 485; *Miles* v. *Harrington*, 8 Kan. 425. The court therefore erred in charging the jury that the plaintiff cannot recover if they should find that the words were spoken through aggravation caused by the plaintiff, unless they should find that the words were spoken maliciously and with the intent to charge the plaintiff with a crime.

*Daniel Buck* and *Freeman & Pfau*, for respondent.

MITCHELL, J. Action for defamation. The record in this case contains so large a number of exceptions—many of them without special merit—that it would be neither practicable nor profitable to consider them all in detail. We shall, therefore, content ourselves with considering such as we deem worthy of special notice, and pass over the others with the general remark that we do not think any of them were well taken.

1. The answer, by a general denial, puts in issue the publication of the words charged in the complaint, and then sets up certain matters in mitigation of damages, among which is previous provocation of defendant by plaintiff, and an allegation that *whatever was said by defendant* on the occasion referred to in the complaint was spoken in the heat of passion caused by the abusive and provoking language of plaintiff towards defendant. There is nothing inconsistent between the denial and the matter set up in mitigation. The plea in mitigation neither expressly nor impliedly admits the publication of the words charged. A defendant may, with an answer denying the allegations of the complaint, set up any matters in mitigation of damages. A party has a right to set up as many defences, either complete or partial, as he chooses, provided they are not inconsistent. Gen. St. 1878, c. 66, § 98; *Bush* v. *Prosser*, 11 N. Y. 347.

2. There is a conflict of evidence as to whether the words charged were published. If the words spoken were as testified to by defend-

ant or Akers, there would be a material variance between them and the words as charged and testified to by plaintiff and Schroeder. Hence, under the pleadings and evidence, the question of publication was properly submitted to the jury.

3. The words charged were spoken, if spoken at all, on the evening of December 17, 1879, during a general quarrel between the parties, which was a mere renewal or rather continuance of one which commenced at an earlier hour of the same day and on the same subject. It was therefore entirely proper to admit evidence of the altercation in the afternoon, for the purpose of showing that plaintiff commenced the quarrel, and provoked the defendant by abusive and irritating language. A plaintiff's previous conduct in provoking the speaking of the defamatory words may always be shown in mitigation of damages, if the provocation be direct and immediate. In this case, certainly, the provocation in the afternoon, of which that in the evening was but a continuance, was sufficiently direct and immediate.

4. The defamatory charge was that of larceny. The court allowed the defendant, in mitigation of damages, to inquire as to plaintiff's general reputation for *honesty and integrity*. Some authorities hold that plaintiff's general bad character may be shown. Others hold that the inquiry should be limited to the particular traits of character involved in the charge. It is not necessary now to decide which is the proper or better rule, for in this case the inquiry was confined within the narrower one, which is the one contended for by plaintiff. It seems to us that honesty and integrity are the very traits of character involved in a charge of larceny.

5. Two questions were propounded to one Spaulding for the purpose of impeaching the defendant, (who was a witness in his own behalf,) which were excluded by the court, to which plaintiff excepted. Both questions were properly excluded, for the reason, among others that might be mentioned, that they were not confined to the witness's general character for *truth and veracity*, which is the rule as settled by this court. *Rudsdill* v. *Slingerland,* 18 Minn. 342, (380;) *Moreland* v. *Lawrence,* 23 Minn. 84.

6. Some exceptions were taken to the charge of the court. The charge was very long, and evidently delivered orally, and hence con-

tains some expressions which, if taken by themselves, may be imperfect or even inaccurate statements of the law. But, taken together as a whole, we think the charge fairly and correctly states the law of the case, so that the jury could not have been misled. For example, taking the entire charge, the jury must have understood from it that provocation was not a complete defence, but only went in mitigation of damages. Again, when the court says that plaintiff could not recover unless the language was used maliciously, and with intent to charge the plaintiff with crime, he immediately afterwards explains or modifies this by adding, "or at least the natural effect and result of it would be that the hearers so understood him to be charged." In discussing the evidence as to plaintiff's bad character, the court, after remarking that the injury to a man's character depends on what his character is, adds, "for if plaintiff had no character to lose, he was not injured." We are not ready to concede that this is not literally correct, for it is very nearly the language of the books. But certainly, if plaintiff had no reputation to be injured, he was not entitled to *substantial* damages. And even if he was technically entitled to *nominal* damages, and was prevented from recovering them by this remark of the court, it would be no ground for a new trial in an action for slander. Townshend on Slander & Libel, § 294; 1 Grah. & Wat. N. T. 525; *Rundell* v. *Butler*, 10 Wend. 119.

7. What has been already said virtually disposes of the objection that the verdict is against the evidence. But even if the publication of the defamatory words as charged had been conclusively proved, there would be no ground for disturbing the verdict. The evidence tends very strongly to prove that plaintiff picked a quarrel with defendant; that he not only began it in the afternoon, but renewed it in the evening, using all kinds of provoking and abusive language to defendant, and that whatever was said by defendant was provoked by the grossly abusive and exasperating conduct on the part of the plaintiff himself. Under such circumstances he was entitled to very little consideration from a jury, and certainly was not entitled to any substantial damages. As already remarked, even if he was entitled to nominal damages, we would not grant a new trial. As the jury have found for defendant, it becomes unnecessary to consider the ac-

tion of the court in excluding evidence offered as to defendant's financial circumstances. If admissible for any purpose, it would only be as basis for assessing exemplary damages.

----

A motion for a reargument having been made, the following was filed March 17, 1884:

MITCHELL, J. We have carefully considered plaintiff's petition for a reargument in this case, and, under the rule laid down in *Derby* v. *Gallup*, 5 Minn. 85, (119,) we find no ground for granting the motion. We are of opinion, however, that plaintiff is correct in saying that the rule "that a new trial will not be granted in an action for defamation, because a verdict for defendant should have been for plaintiff for nominal damages," should not be extended to cases "where some rule of law has been violated in the admission or rejection of evidence, or in expounding the law to the jury." It follows that we probably misapplied the rule. But it is unnecessary to invoke this rule in the present case. We are still of opinion that the trial court committed no substantial error, although it must be admitted that some parts of his charge to the jury are neither very perspicuous nor fortunately expressed.

Motion denied.