# CHESTER C. KILBURN v. NATIONAL SURETY COMPANY.[1]

April 20, 1916.

Nos. 19,589—(227)[2].

**Impeachment of witness.**

Evidence of a specific act of immorality and indecency committed on the part of employees who made certain reports concerning plaintiff some time after the time of such reports, is not admissible for the purpose of impeaching the veracity of such persons. [Reporter.]

Action in the district court for Waseca county against the Minneapolis & St. Louis Railroad Company and the National Surety Company to recover $25,000 for defamation. The separate answer of defendant surety company alleged, among other matters, that the matters set out in the reports mentioned in the complaint were true and were made to the defendant railroad company in the due course of business, in good faith, in the belief that they were true, and were privileged communications between the two companies. The case was tried before Childress, J., and a jury which returned a verdict for $2,000 against defendant surety company and a verdict in favor of defendant railroad company. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant surety company appealed. Reversed.

*Butler, Mitchell & Hoke,* for appellant.

*F. E. Clinite* and *Moonan & Moonan,* for respondent.

PER CURIAM.

This case is similar to the case of Tierney against the same defendants, 134 Minn. , 157 N. W. 497, and grows out of the same transaction. Tierney was employed as conductor and plaintiff as brakeman upon the same passenger train; and the reports referred to and considered in the Tierney case implicated plaintiff as a party to the irregularities charged against Tierney, and resulted in the discharge of both plaintiff and Tierney. Most of the questions presented are the same in both cases, but the present case presents one question not presented in the Tierney case. In the present case it appears that, against the strenuous objection of defendant, plaintiff was permitted to prove a specific act of immorality and indecency on the part of

[1]Reported in 157 N. W. 498.
[2]October, 1915, term calendar.

defendant's employees committed some time after making the reports in question, for the purpose of discrediting and impeaching such employees. Such testimony was not admissible for the purpose of impeaching the veracity of these employees. Rudsdill v. Slingerland, 18 Minn. 342 (380); State v. Barrett, 40 Minn. 65, 41 N. W. 459; State v. King, 88 Minn. 175; 92 N. W. 965; Matthews v. Hershey Lumber Co. 65 Minn. 372, 67 N. W. 1008; Moreland v. Lawrence, 23 Minn. 84; Warner v. Lockerby, 31 Minn. 421, 18 N. W. 145, 821; Swanson v. Andrus, 84 Minn. 186, 87 N. W. 363, 88 N. W. 252; also cases cited in note in 14 L.R.A.(N.S.) at page 698, et seq; 3 Enc. Ev. 36.

Order reversed.