## CORNELIUS J. TIERNEY v. NATIONAL SURETY COMPANY.[1]

April 20, 1916.

Nos. 19,590—(2262-133).

**Slander and libel.**

Defendant's operatives reported plaintiff conductor on three occasions carried a passenger without ticket or fare, for a gratuity kept by plaintiff personally, and in consequence plaintiff was discharged. *Held*: The verdict in favor of plaintiff was not sustained by evidence and a new trial was granted. [Reporter.]

Action in the district court for Waseca county against the National Surety Company and Minneapolis & St. Louis Railroad Company to recover $75,000 for defamation. The separate answer of defendant surety company alleged, among other matters, that the matters set out in the reports incorporated in the complaint were true and were sent by the answering defendant to the railroad company in due course of business, in good faith, and in the belief

[1] Reported in 157 N. W. 497.
[2] October, 1915, term calendar.
[3] April, 1916, term calendar.

that they were true, and were privileged communications between the two companies. The case was tried before Childress, J., who when plaintiff rested granted the motion of defendant railroad company to dismiss the action as to it and a jury which returned a verdict for $9,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant surety company appealed. Reversed and new trial granted.

*Butler, Mitchell & Hoke*, for appellant.

*F. E. Clinite* and *Moonan & Moonan*, for respondent.

PER CURIAM.

Plaintiff was a conductor on the Minneapolis & St. Louis Railroad. Defendant bonded the conductors of that road and engaged, when called upon, in the investigation of their conduct. Upon being called upon to make an investigation, it directed operatives to that work. These operatives reported that on three occasions plaintiff carried Westland, one of these operatives, without ticket or fare, and for a gratuity paid to and kept by plaintiff personally. Plaintiff was discharged by the railway company. He denies receiving the gratuity and brings this action for defamation of his character. The jury found for plaintiff and assessed his damages at $9,000.

Plaintiff admits that he carried Westland on all three occasions without a ticket and that he turned in to the railway company no cash fare. He admits that on the first occasion Westland came to the train with a letter to the brakeman from a mutual friend which read as follows: "This will introduce Mr. C. W. Weldon who is O. K. Take care of him and he will take care of you;" and that the brakeman handed this letter to plaintiff. He admits that he furnished Westland with a fake ticket to be handed in by him when plaintiff passed through the train collecting fares in order to deceive any person who might be watching. He denies only the receipt of the gratuities. Three witnesses testified positively that he did receive the gratuities.

It must be borne in mind that the carrying of passengers free is made a criminal offense under both state and Federal laws. Plaintiff offers no plausible explanation of this conduct. His reason given for carrying free this total stranger taxes the credulity of any one familiar with railroad travel. The only excuse given is that on the first occasion Westland appeared to be crippled up and "down and out" and moved plaintiff's sympathy to this act of charity. The fact remains that on cross-examination plaintiff admitted that Westland was on that occasion "a robust well dressed, business-like looking young fellow * * * about 30 years old." It is admitted that plaintiff did not report this act of charity to his employer but, on the contrary, took measures to conceal it. Whatever semblance of excuse there may be for plaintiff's alleged

conduct on this occasion, there is none for his conduct on the two subsequent occasions.

In view of the positive and consistent testimony of the witnesses for the defendant, and the unsatisfactory denials of plaintiff, we are constrained to hold that the evidence does not sustain the verdict rendered for plaintiff.

Order reversed and new trial granted.

On July 20, 1916, the following opinion was filed:

PER CURIAM.

Further consideration of this cause on reargument under an amended assignment of error leads to the conclusion, the Chief Justice dissenting, that the former order herein granting a new trial upon the ground that the evidence is insufficient to sustain the verdict should be adhered to, and it is so ordered.