## NATIONAL SURETY CO. v. OKLAHOMA NAT. LIFE INS. CO.

No. 7304—Opinion Filed Jan. 30, 1917.

Rehearing Denied May 29, 1917.

(165 Pac. 161.)

**1. Evidence—Copy of Letter—Predicate.**

In order that a copy of a letter may be properly introduced in evidence, it is a condition precedent that a proper predicate be shown for the admission of such secondary evidence.

**2. Same—Admission of Letter—Identification.**

A letter cannot be properly admitted in evidence without being properly identified.

**3 Witnesses—Impeaching Own Witness.**

A party introducing a witness in his behalf cannot impeach the character of such witness for truth and veracity.

**4. Same.**

Evidence of the particulars of the arrest of a witness for immoral acts with a woman in a rooming house cannot be properly introduced in evidence by the party offering such witness, for the purpose of discrediting such witness.

(Syllabus by Collier, C.)

Error from District Court, Oklahoma County: John J. Carney, Judge.

Action by the Oklahoma National Life Insurance Company against the National Surety Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Bennett & Pope, for plaintiff in error.

Ledbetter, Stuart & Bell, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the Oklahoma National Life Insurance Company, a corporation, hereinafter styled plaintiff, against the National Surety Company, a corporation, hereinafter styled defendant, to recover for a breach of a bond executed by the defendant to the plaintiff to protect the plaintiff against loss on account of larceny or embezzlement by a soliciting agent of the plaintiff, one White.

The evidence is in conflict as to the premiums collected by White as such agent and not properly accounted for to the plaintiff, but the view we take of the case renders it unnecessary to set out such evidence in extenso. Against the objection and exception of the defendant the court permitted to be introduced in evidence what purported to be a copy of a letter written by an officer of the plaintiff to the said White, but no predicate whatever was laid for the introduction of said copy. Said letter reads as follows:

"May 10, 1911.

"Mr. D. E. White, ℅ Regal Hotel, Shawness, Oklahoma—Dear Sir: I wish to advise that, on account of a quorum of the board of directors not being present, the meeting had been deferred until May 3d, and I shall be compelled to insist upon your cutting down your account by that date, as you promised me on April 30th that by this time you would have cut down your account $300, naming the collection you would get, as the Gregg and Tunston. Now, White, will you not disappoint me, for the simple fact that I may depend upon you to do something as per your promise. Thanking you for your prompt attention, I wish to remain

"Yours truly,                Secretary."

The evidence discloses that no effort was made to locate the original of this letter, no notice is claimed to have been served on the defendant or his attorney, or on White, for the production of the original of this letter, or the loss of said letter in any way accounted for.

There was also introduced in evidence, against the objection and exception of the defendant, without a proper predicate therefor, a copy of a letter written by the secretary of the plaintiff to Mr. J. A. Galbreath, an officer of the defendant, which reads as follows:

"July 20, 1911.

"Mr. J. A. Galbreath, 1307-8 Commerce Bldg. Kansas City, Mo.—Dear Sir: Referring to our conversation recently regarding Mr. D. E. White, who is bonded under your schedule bond with us, wish to say that I had a long talk with Mr. White yesterday regarding his account, and will say that his shortage is not as much as I expected, and he has promised to adjust this as early as possible. However, I presume it is necessary that you be notified that he is somewhat behind. In the Reed case I have written all of the parties, but have heard from only one,

Ellis Shaffer, and I am herewith inclosing his letter.

"Yours very truly,          Secretary."

There was also admitted in evidence against the objection and exception of defendant, and without proper identification a letter purported to be in reply to the letter of the secretary of the plaintiff by an officer of the defendant, which reads as follows:

"National Surety Company, New York,

"Claim Department. Ausburn M. Birdsall, Assistant General Solicitor. New York. 1307 Bank of Commerce Bldg., Kansas City. Mo., July 24, 1911. Address reply to J. A. Galbreath, Superintendent. Mr. F. E. Beaty, Sec., The Oklahoma National Life Ins. Co.. Oklahoma City, Oklahoma.—Dear Sir: I have before me your letter of the 20th. and am glad to note that there is only a small shortage in Mr. White's accounts, which he has promised to adjust as soon as possible. If you see that the discrepancies come within the terms of our bond and settlement is not made at once, please furnish me detailed statement, with all the facts in connection therewith. Kindly notify me what settlement is made.

"Yours very truly,    J. A. Galbreath,

"Superintendent."

In the admission of said copies and said letter, the fundamental rule of the best evidence being required, and the necessary condition precedent to the admission of secondary evidence, is violated to an extreme degree, and we are at a loss to understand upon what rule of evidence the court permitted said copies and said letter to be introduced. against the objection and exception of the defendant. Certainly it was not the best evidence, nor was a proper predicate laid for the introduction of secondary evidence; and we are of the opinion, and so hold, that the admission of said copies and said letter wrongfully bolstered up the evidence of the plaintiff, were self-serving declarations, and from any standpoint inadmissible, and that the result of the admission of such evidence was highly prejudicial to the defendant, and reversible error.

The error of the court in admission of the copies of said letters, and the letter purported to nave been received in reply to the copy of said letter, without being properly identified, are such fundamental errors, that we do not deem it necessary to cite authorities in support of our holding.

As the case must again be tried we deem it necessary to say that we are unable to understand under what rule of evidence the particulars of the escapade of White, the witness, in connection with a woman in Shawnee, could be regarded as proper evidence in this case.

"A party cannot impeach his own witness and this doctrine is an ancient rule of the common law." Jones on Evidence, vol. 5, § 853.

Again, the character of a witness for truth and veracity cannot be impeached by evidence of the particulars of his arrest, for wrongfully associating with a female in a rooming house.

"Inquiry cannot be made of the impeaching witness as to particular facts which tend to discredit the reputation of the person sought to be impeached. The inquiry should be limited to whether the impeaching witness knows the general reputation for truth and veracity of the person in question. among his neighbors—how he stands in general estimation." Jones on Evidence. vol. 5, § 860.

See Sharon v. Sharon, 79 Cal. 663, 22 Pac. 26. 131: Johnson v. State. 61 Ga. 305; Frye v. Bank of Illinois, 11 Ill. 367; Hansell v. Erickerson, 28 Ill. 257: Dimick v. Downs, 82 Ill. 570; Fletcher v. State, 49 Ind. 124, 19 Am. Rep. 673; Farley v. State, 57 Ind. 331; Thruman v. Virgin, 18 B. Mon. (Ky.) 785; State v. Jackson. 44 La. Ann. 160, 10 South. 600; Phillips v. Kingfisher, 19 Me. 375, 36 Am. Dec. 760: Deck v. Baltimore, etc., Ry. Co., 100 Md. 168, 59 Atl. 650, 108 Am. St. Rep. 399; Holbrook v. Dow, 12 Gray (Mass.) 357: People v Abbott. 97 Mich. 484. 56 N. W. 862, 37 Am. St. Rep. 360; State v. Barrett. 40 Minn. 65. 41 N. W. 459; Rudsdill v. Slingerland, 18 Minn. 380 (Gil. 341): Moreland v. Lawrence. 23 Minn. 84: Warner v. Lockerby, 31 Minn. 421, 18 N. W. 145. 821; Shaefer v. Railway Co., 98 Mo. App. 455. 72 S. W. 154: State v. Slattery, 74 N. J. Law, 241. 65 Atl. 866: Conley v. Meeker. 85 N. Y. 618; Barton v. Morphes, 13 N. C. 520; Bucklin v. State, 20 Ohio, 18; Wike v. Lightner. 11 Serg. & R. (Pa.) 198; Missouri, K. & T. R. Co. v. Houlihan (Tex. Civ. App.) 93 S. W. 495; Crane v. Thayer, 18 Vt. 162, 46 Am. Dec. 142; United States v. Vansickle, 2 McLean, 219 Fed. Cas. No. 16609; Richards v. State, 12 Okla. Cr. 74, 154 Pac. 72.

Had objection and exception been made and taken to the admission in evidence of the particulars of the escapade of White, the same would be reversible error. as the only effect of such evidence would be to improperly prejudice the jury against the witness White.

As the prejudicial errors pointed out must work a reversal of this case, we deem it unnecessary to consider any of the other errors assigned.

This cause is reversed and remanded.

By the Court: It is so ordered.