## HORN et al. v. FIRST MORTGAGE LOAN CO.

No. 27405.    Oct. 19, 1937.

Bruce & Rowan, for plaintiffs in error.

I. L. Harris and Ted R. Elliot, for defendant in error.

HURST, J. This is an action by the plaintiff, First Mortgage Loan Company, against Lewis H. Horn and Hazel C. Horn et al., as defendants, to foreclose a real estate mortgage. The petition was in the usual form, and the defendants, Lewis H. Horn and Hazel C. Horn, filed an 'answer in which they alleged that they purchased the property by warranty deed from the plaintiff, and that the covenants contained in the deed had been broken by the plaintiff in that there were certain mortgages and other liens of record and unreleased against the property, which clouded the title, and because of which the Home Owners' Loan Corporation turned down the title and the defendants were unable to refinance their indebtedness sued on, which was given by the defendants to secure part of the purchase price. The plaintiff filed a reply in the form of a general denial.

On the trial of the case the defendants assumed the burden of proof, and, in order to sustain their allegations of breach of warranty, they offered in evidence copies of two letters from the attorney for the Home Owners' Loan Corporation pointing out certain unreleased mortgages and other liens against the property and making the requirement that the same be removed or satisfied. The objection of the plaintiff to this evidence was sustained by the court. The court entered judgment for the plaintiff for the amount due on the note and for a foreclosure of the mortgage securing the same, and from that judgment this appeal was taken.

The defendants argue that the court committed error in rendering judgment for the plaintiff and in not rendering judgment for the defendants for the amount they had paid, and they cite authorities to the effect that a mortgage foreclosure is equitable in its nature, and that the court must see that the party seeking foreclosure does equity by the parties sued, and they also cite authorities dealing with the measure of damages for breach of warranty. In this connection they also argue that the court committed error in refusing to admit in evidence the copies of the letters from the attorney for the Home Owners' Loan Corporation.

We think the decisive question is whether the court committed error in sustaining the objection of the plaintiff to the copies of the letters referred to. We think this question must be answered in the negative. These letters were not the best evidence and were hearsay and opinion evidence. The defendants cite no authorities to the contrary. The defects in the title, if any existed, are matters of public record, and the records are the best evidence. School District No. 17 v. Eaton (1924) 97 Okla. 177, 223 P. 857; Farmer's National Bank v. Hartoon (1916) 60 Okla. 193, 159 P. 844; National Surety Co. v. Oklahoma National Life Insurance Co. (1917) 74 Okla. 27, 165 P. 161.

In Green v. Baker (1923) 66 Mont. 568, 214 P. 88, the Supreme Court of Montana, in discussing the admissibility of the opinion of an attorney regarding title to property, used this pertinent language:

"It is the delightful privilege of the lawyer, following the multitudinous and difficult paths of his profession, to express his opinion about almost everything under the sun, but when he offers himself as a witness he is bound by the same rules which bind other witnesses. It was not permissible for the witness to express his opinion as to the soundness of the title in question. In such case the law is that the opinion of counsel, however able and learned in the law, is not evidence. Winter v. Stock, 29 Cal. 407; Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 819; Murray v. Ellis, 112 Pa. 485, 3 Atl. 845; Evans v. Gerry, 174 Ill. 595, 51 N. E. 615. The admission of the testimony also violated the conclusion and hearsay rules."

The proffered evidence being inadmissible, and the defendants having failed to introduce any competent evidence to sustain their defense, the judgment of the trial court was correct and is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.