## COOKE ET AL. V. TALLMAN.

1. **Service:** PUBLICATION OF NOTICE. *Semble*, that the publication of an original notice in a newspaper *published* in the county where the petition is filed but *printed* elsewhere, is not a compliance with the provisions of Section 2619 of the Code, and does not confer jurisdiction upon the court.

2. ———: ———. Where no newspaper is printed and published in the county, publication may be made in a newspaper printed in either of the counties bordering upon the one where suit is brought, and this may be selected by plaintiff's attorney.

3. **Pleading:** JUDICIAL NOTICE: DEMURRER. The denial of a fact of which the court will take judicial notice cannot be pleaded, and the fact is not admitted by demurrer.

*Appeal from Pocahontas District Court.*

WEDNESDAY, DECEMBER 16.

THE same facts are involved in all of these causes, and they are submitted upon one abstract. The petitions allege that the defendant prosecuted certain suits, wherein the plaintiffs in these actions were defendants, for the purpose of setting aside plaintiff's titles, based upon tax sales and deeds, to certain lands which were claimed by defendant; that plaintiffs were non-residents of the State, and service was had upon them by publication; that such service was illegal, and not sufficient to give the court jurisdiction; and that judgments by default in the actions were rendered against plaintiffs. The relief asked is that the judgments be set aside, and the proper plaintiffs be allowed to appear and defend in each suit. A demurrer to each petition was sustained, and plaintiffs in each case appealed. The other facts of the cases necessary to an understanding of the point ruled, appear in the opinion.

*Griffith & Knight* and *De Witt C. Cram,* for appellants.

*Clark & Moulton,* for appellee.

BECK, J.—The proofs of publication filed in each case, as set out in the petition, show that the notices were published in the Pocahontas Journal, a weekly newspaper published at Rolfe, in Pocahontas county, the paper indicated in the order of publication. The proofs do not show that it was *printed* in the county of Pocahontas, but it is alleged in the petition that it was in fact printed in Webster county, at Fort Dodge. It is also alleged in the petition that no newspaper, at the time, was printed and published in Pocahontas county, but that two newspapers were published and printed in Humboldt county, which is averred to be the "next nearest county" to Pocahontas.

The law in force at the time provides that "the publication must be made by publishing the notice required  *  *  *  * in some newspaper published at least weekly, and *printed* in the county where the petition is filed, and if there be none printed in such county, then in such paper printed at the next nearest county of this State, which paper shall in either case be determined by plaintiff's attorney." Acts 13th General Assembly, Chapter 142. Code § 2619.

It may be admitted that the newspaper in which the publication may be made, must be *printed* in the county where

1. SERVICE:
publication
of notice.

the suit is brought, and if there be none such then the notice must appear in a newspaper *printed* in the next nearest county. The petition alleges that the newspaper in which the publication was made was printed in Webster county, and that no newspaper was printed in Pocahontas county. It also shows that the notice was published in the newspaper determined by plaintiff's attorney. Now the question to be decided is this: Is Webster the next nearest county as contemplated by the statute? The court will take judicial notice of the boundaries of counties, and their relative location. Webster county lies adjacent to Pocahontas. Four other counties also have common boundaries with it, and

it has corners in common with two others.   Of these, which, in the language of the statute, is "the next nearest county?" The statute makes no provision as to the town in which the paper is published, further than it shall be " at the next nearest county." Five counties lie equally "*near*" Pocahontas, that is, they have boundary lines in common with it.   Suppose in each of these counties newspapers were published, how should the question have been determined as to the one in which the publication should have been made?   The statute provides it shall be determined by plaintiff's attorney.   It is evident that of these five counties, each being adjacent to Pocahontas county, any one may be considered the next nearest, if so determined in the manner and by the person pointed out in the statute. The publication, therefore, of the notice in a newspaper printed in Webster county, upon the determination of plaintiff's attorney, was a strict compliance with the law.

II.   But the petition alleges that Humboldt is "the next nearest county."   This contradicts the record pleaded by plaintiffs, which shows that Webster county was so determined in the manner pointed out by law and other facts, the location and boundaries of the different counties, of which the courts will take judicial notice. A fact which is judicially known to the court is to be regarded as a matter of law, and therefore cannot be pleaded.   A contradiction or denial of such a fact cannot be well pleaded, and is not admitted by a demurrer.   Rev. § 2917.   Code § 2712. The demurrer therefore did not admit the allegation of the petition just stated.

3. PLEADING: judicial notice; demurrer.

Other objections to the ruling of the court upon the demurrer are not presented in the argument of plaintiff's counsel. We are required to regard them as waived.

The judgment in each cause is

AFFIRMED.