## OCKENDON v. BARNES ET UX.

1. **Pleading**: FRAUD. A mere charge of fraud in a pleading, without a statement of the facts upon which the charge is based, is the averment of a legal conclusion and therefore subject to demurrer.

2. **Guardian and Ward**: INSANITY: PRESUMPTION. The appointment of a guardian for an insane person is a determination of the fact of insanity, and will be presumed to have been made under jurisdiction properly acquired in compliance with the forms of law.

3. **Tax Deed**: DELAY IN PROCURING. Where the tax purchaser failed for more than eleven years to apply for his deed, it was *held* that the owner would be justified in presuming an abandonment of his right thereto by the tax purchaser, and that the latter could not afterwards defeat the title of the owner's grantee.

*Appeal from Van Buren Circuit Court.*

SATURDAY, JUNE 17.

ACTION to foreclose a mortgage. There was a decree for plaintiff. Defendants appeal.

*Lea & Beaman*, for appellants.

*Bertrand Jones*, for appellee.

BECK, J.—The note which is secured by the mortgage, appears to have been executed for a part of the consideration of the sale of the land covered by the mortgage; at all events it contains a condition to the effect that it is "not to be paid until all incumbrances are removed from the title" of the land. The petition shows the existence of a mortgage on the land to one Davis, and that, being insane, a guardian for him was appointed by the Circuit Court of Henry county, who executed a release of that mortgage, which is set out in full. To the petition defendants answered, admitting the execution of the note and mortgage and that they are unpaid, and alleging that other incumbrances rest upon the land in addition to the one mentioned in the petition which, they say, is not satisfied because the appointment of the guardian was fraudulently procured, and that Davis was never judicially

adjudged insane. Other defenses are set up which need not be noticed. To that part of the petition alleging fraud in the appointment of the guardian of Davis, and that he was never adjudged insane, plaintiff demurred and the demurrer was sustained.

I. The first question presented for our decision involves the correctness of this ruling. As to the allegation of fraud, the demurrer, if for no other reason, was correctly sustained on the ground that it simply charges fraud without alleging or showing facts upon which the charge is based. A mere charge of fraud in a pleading is not sufficient, as it is a legal conclusion, but the facts upon which the fraud is based must be averred. The allegation denying the adjudication upon the insanity of Davis found in the count of the answer demurred to, ought to have been permitted to stand, but no prejudice was suffered by defendant in sustaining the demurrer, so far as this averment is concerned, for the second count, not assailed by the demurrer, repeats the allegation in question.

II. The record in the insanity proceedings was admitted in evidence against defendant's objections on the ground that it does not show jurisdiction acquired by the court or an adjudication of insanity. The Circuit Court had jurisdiction of the matter. Code, § 2272. The record, we think, by a fair interpretation, shows an adjudication of insanity. Certainly the appointment of the guardian upon the petition charging insanity must be regarded, under the presumption we are required to exercise, as a determination of the fact of insanity.

2. GUARDIAN and ward: insanity: presumption.

It is objected that no notice or other proceeding connected with the record are shown. We will presume in the absence of any showing that the proceedings required were not had, that the adjudication was based upon such preliminary matters as the law requires.

III. A copy of the letter of guardianship was admitted in evidence. This is now complained of. The record in the proceeding showed all that is contained in the copy. If erroneously admitted, it wrought defendant no prejudice for the facts sought to be proved by it were established by the record.

Ockendön v. Barnes et ux.

IV.  It is insisted that the entry of satisfaction of the mortgage does not sufficiently identify the instrument to which it relates.  We think otherwise, and that no one could possibly be deceived by being led to suppose that the mortgage in suit was not duly satisfied upon the record.

V.  The defendant introduced the tax books of the county which show that, in 1861, the land was sold for taxes.  It was not shown that redemption had been made from this sale, or that a deed had been executed thereon to any one.  The deeds under the law could have been issued October 7, 1864.  The suit was tried June 15, 1875, nearly eleven years after the time for the execution of the deed. Without holding that a deed could not, after so long a lapse of time, be executed under any state of facts, we are of the opinion that the presumption exists that the purchaser has abandoned his rights to the deed; certainly those dealing with the owner of the land may presume such an abandonment and that the deed will not be called for by the purchaser. They would be authorized to purchase and pay for the land upon this presumption and the purchaser at the tax sale could not afterwards take a deed and defeat thereon the title they acquire.  There ought to be some time at which the purchaser at a tax sale would be cut off from his right to enforce his claim against those holding the land under the tax-payer. Eleven years certainly is more than ample time in which a purchaser at a tax sale may claim his deed, and it is not too short to raise the presumption against him of abandonment of his claim under the purchase in favor of one holding under the tax-payer.

3. TAX DEED: delay in procuring.

AFFIRMED.

ON REHEARING.

BECK, J.—I.  A petition for rehearing filed in this case demands attention.  Complaint is therein made that the first point of the foregoing opinion is not presented in the case. To make the matter plain, we will here produce the demurrer as we find it in the abstract.  "And now comes the plaintiff and demurs to the paragraph of defendants' answer

numbered four [the paragraph alleging fraud] and for cause thereof says:

" 1.    That the matters and things therein set out afford no defense to the action.

" 2.    Because the court will not, in a collateral proceeding, review or inquire into the regularity of the proceedings in another case between different parties in this court or in any other court of competent jurisdiction."

Counsel, in their petition for rehearing, assert that the demurrer was based and sustained solely upon the second ground and that the first is not sufficiently stated. The abstract does not state upon which ground the demurrer was sustained. We are unable to see, and counsel do not state, why the first ground is not sufficiently stated.

Counsel further assert that the first ground of the demurrer was not relied upon or discussed by plaintiff in the court below, nor in this court. We have no means of knowing what was done in the Circuit Court except as it is shown by the record. It affords no support for counsel's assertion. The argument of plaintiff's counsel in this court contains nothing more than a reply to the argument of defendant upon the questions raised by the demurrer. Defendants in this court relied upon an effort to show that the judgment declaring Davis insane could be collaterally assailed for fraud, in order to establish the second ground of the demurrer was not well taken. They did not think it necessary to assail the first cause of demurrer. Counsel for plaintiff were not invited by defendants to a discussion upon that subject. There is certainly nothing before us justifying the conclusion that it was abandoned.

There may be indeed doubt whether the second ground of demurrer presents the question argued by defendants' counsel. Fraud in procuring a judgment, it is claimed by them, renders it void and it may be assailed therefor in a collateral proceeding. But the language of the demurrer is this: " The court will not in a collateral proceeding *review*, or inquire into, the *regularity* of the proceedings in another case, etc., etc." We have never heard an attack upon a judgment for fraud

Ockendon v. Barnes et ux.

called a *review* or an *inquiry* into the *regularity* of the proceeding.

Cases are decided here upon the record; pleadings must state facts and not legal conclusions, and fraud is never sufficiently pleaded except by the statement of the facts upon which the charge is based. These familiar elementary principles afford a ready answer to the first point of the petition for rehearing.

II. The next matter of complaint in the petition for rehearing is, that the opinion, in that part which disposes of the question involving the alleged incumbrance existing under the tax sale, is based (quoting counsel's language) " on the assumption that the evidence showed that no deed had been made in pursuance of the tax sale." A casual reading of the opinion will make it apparent that no such "assumption" as counsel charge is found therein. But as the evidence fails to show a deed to have been executed, we presume that it was not. Counsel for defendants insist that we should presume its existence. We have certainly never before heard it claimed that a tax deed will be presumed upon proof of a tax sale.

III. The ground of the last complaint made in the petition for rehearing is this: The defendants insisted, in their first argument in this court, that the burden of showing the land was free from incumbrance rested upon plaintiff, and that defendants were not required to prove incumbrances as a defense. This question was not decided in the foregoing opinion, for the reason that defendants cannot raise it in this court, as we will briefly show. The plaintiff proved the satisfaction of the mortgage referred to in his petition, and introduced no further evidence upon the subject of incumbrances. The defendants introduced evidence showing three tax sales to establish incumbrances upon the land. Plaintiff in rebuttal showed that one of them, and the deed executed·thereon, had been set aside in chancery on the ground that the taxes had been paid, prior to the sale of the land. And the sale is the one referred to in the first opinion; the third was for taxes which, as between the grantor and grantee of land, became a lien after the note and mortgage were executed. The incumbrances shown by

defendants were all disposed of in this way. It thus appears that defendants in the trial in the court below, did assume the burden of showing the existence of incumbrances. There is nothing in the abstract to show that they claimed, in the court below, the burden rested upon plaintiff to prove the absence of incumbrances, or that any question upon that subject was raised or passed upon in the Circuit Court. Defendants having assumed the burden of proving incumbrances on the trial in the court below, and having raised no question there as to the burden of proof, cannot be permitted for the first time to raise it here. The law will permit no such snares to be laid. The petition for a rehearing is

OVERRULED.