CASPER PICK *vs.* E. B. STRONG, Administrator.

December 11, 1879.

**Letters of Administration—Collateral Attack.**—Letters of administration being issued by the proper probate court, it cannot be objected to them, in a collateral action, that they were issued on the application of one not interested in the estate.

Same—**Their Effect as Evidence.**—In all cases to which an administrator, as such, is a party, for the purpose of showing his representative capacity, and his authority to act for and enforce and protect the rights of the estate he assumes to represent, the letters of administration are at least *prima facie* evidence of every fact upon which such capacity and authority depend, including the death of the person on whose estate the letters issued.

Appeal by plaintiff from a judgment of the district court for Stearns county, *McKelvy*, J., presiding.

*Taylor & Calhoun*, for appellant, cited, upon the point that the letters of administration were not *prima facie* evidence of death, *Moons* v. *De Bernalles*, 1 Russell, 272; *Clayton* v. *Graham*, 10 Ves. 288; *Leach* v. *Leach*, 8 Jurist, 211; *Carroll* v. *Carroll*, 60 N. Y. 121; *Thompson* v. *Donaldson*, 3 Espinasse, 63; 2 Phillips Ev. 93; 2 Wharton Ev. 812, 1278; that the recitals in the letters were not evidence for any purpose, *Jackson* v. *Randall*, 5 Cowen, 168; *Jackson* v. *Dewitt*, 6 Cowen, 316; *Tallman* v. *White*, 2 N. Y. 66; *Erickson* v. *Smith*, 2 Abb. Ct. of App. Dec. 64; *Williams* v. *Williams*, 3 Barb. Ch. 628; *Williams* v. *Peyton*, 4 Wheat. 77. Upon both points they also cited *Mut. Benefit Life Ins. Co.* v. *Tisdale*, 91 U. S. 238.

*L. W. Collins*, for respondent, cited *Moreland* v. *Lawrence*, 23 Minn. 84; *Belden* v. *Meeker*, 47 N. Y. 307; *Emery* v. *Hildreth*, 2 Gray, 228; 2 Greenl. Ev. 339.

GILFILLAN, C. J. Action to enjoin the foreclosure, by advertisement, of a mortgage upon real estate, attempted by defendant, as administrator of the estate of Baltes, the mortgagee. No question is made as to the existence of the mortgage. It is claimed only that the defendant has no right to foreclose it. Of course, to prevail, the plaintiff must show that defendant has not that right.

The complaint alleges various facts from which it is claimed defendant has no right to foreclose. These are: That no notice of the proceedings to foreclose had been served on plaintiff; that more than ten years since the mortgage debt

became due had elapsed when the foreclosure proceedings were commenced; that the mortgage debt had been paid. Upon all these allegations the court below found, and rightly found, against the plaintiff. It is not claimed that the probate court of Stearns county, which granted the letters of administration, was not the proper court to grant them.

Two propositions are made by plaintiff: *First,* that the appointment of administrator was made, not on the application of any one interested in the estate, but of one who had no authority to make such application; *second,* it does not appear that Baltes was dead when the administrator was appointed.

The letters of administration were introduced on the trial. They were, in this action, conclusive of the regularity of the proceedings resulting in their issuance. That they were issued to one not entitled to them, or upon the application of one who had no right to make such application, is an objection which could be made only on an appeal from the order granting them; or, if such application could be made, upon an application to the probate court to vacate them. They cannot be attacked for such reasons in a collateral proceeding. *Moreland* v. *Lawrence,* 23 Minn. 84.

There is some conflict in the authorities in respect to the cases in which, and the extent to which, the letters of administration are evidence of the death of the person upon whose estate they issued. Without reviewing these authorities in detail, we derive from them this rule: that in all cases to which the administrator, as such, is a party, for the purpose of showing his representative capacity, and his authority to act for and enforce or protect the rights of the estate he assumes to represent, the letters are at least *prima facie* evidence of every fact upon which such capacity and authority depend, including the death of the person upon whose estate they issued. See 2 Greenl. Ev. § 339; *Mutual Benefit Life Ins. Co.* v. *Tisdale,* 91 U. S. 238, and cases cited.

The introduction of the letters by defendant made *prima*
20

*facie* proof of Baltes's death; and as plaintiff gave no evidence that he was alive when the letters issued, they make out full authority in the defendant to foreclose the mortgage.

Judgment affirmed.