68   375
83   416
68   375
f110   9
68   375
120  399

SEERLEY, GUARDIAN, v. SATER · ET AL.

1. **Insanity:** PERSON OF UNSOUND MIND: DEFINITION. A person may be of unsound mind to such an extent as not to be bound by contracts of intricacy and importance, without being distracted, and without being incapable of transacting some kinds of business.

2. **Contract:** DEED AND MORTGAGE: INCAPACITY OF GRANTOR: EVIDENCE. The evidence in this case shows that the deed and mortgage in question were procured by imposition upon the grantor, who had not the mental capacity to enter into the contracts culminating in their execution, which incapacity was known to the grantee and mortgagee, and that the contracts were not reasonable and fair toward the grantor; wherefore the trial court did not err in setting the deed and mortgage aside on terms which were equitable.

*Appeal from Des Moines District Court.*

FRIDAY, MARCH 19.

ACTION in equity to set aside a mortgage on, and conveyance of, real estate. From the decree the defendant Sater appeals.

*P. H. Smythe & Son* and *D. Y. Overton*, for appellants.

*A. M. Antrobus* and *J. J. Seerley*, for appellee.

SEEVERS, J.—The plaintiff, as guardian of A. W. Gaylord, a person of unsound mind, brought this action to set aside a mortgage and conveyance of real estate executed by Gaylord to the defendant Sater, upon the grounds that the same were fraudulently procured, and that Sater knew at the time they

were executed that Gaylord was of unsound mind and incapable of transacting business. The mortgage was executed in consideration of an alleged indebtedness of $1,000, and afterwards the conveyance was executed in consideration of claimed additional indebtedness from Gaylord to Sater. After the conveyance Sater executed a mortgage on the real estate in controversy to Julia A. Miller, and the administrator of her estate is a defendant in this action.

The district court found that the mortgage and, conveyance were void, and set the same aside; but the court also found that Gaylord was indebted to Sater in the sum of $1,042.37, which the court directed should be applied in satisfaction of the Miller mortgage. A decree was accordingly entered, and Sater alone appeals.

A person of unsound mind may be legally insane. Code, § 45; subd. 6. For such a person a guardian may be appointed. Code, § 2272. A person of unsound mind is one who is incapable of transacting the particular business in hand. He need not necessarily be an insane or distracted person, and may be capable of transacting some kinds of business, and yet be of unsound mind, and incapable of transacting business of magnitude, or of at least some degree of intricacy. He may be capable of understanding his rights as to some transactions and not others. The ward of the plaintiff should be regarded as of unsound mind at the time the plaintiff was appointed his guardian. *Ockendon v. Barnes*, 43 Iowa, 615. The mortgage and conveyance were executed prior to that time, and the question to be determined is whether the ward of the plaintiff was then of unsound mind, and incapable of understanding his rights in the business transactions between himself and Sater. The evidence satisfies us that he was. He was quite illiterate, and of weak intellect. While he was apparently capable of transacting, and did transact some business, he was what we regard as imbecile. In the transactions he had with Sater and one other person he was shamefully imposed upon. Substantially, under the

form of contracts, he was robbed. No person of sound mind could be so deprived of his property and rights. Sater had known the plaintiff's ward for some years, and must have known that he was of unsound mind. It seems to us that a person of ordinary observation, who had known him, and had business transactions with him, must necessarily have reached such a conclusion. We feel satisfied that Sater and another person, well knowing the condition of the plaintiff's ward, conspired together to deprive him of several thousand dollars' worth of property, in which they largely succeeded. We therefore find that the mortgage and conveyance were fraudulently procured, and are void. We further find that the contracts entered into between the plaintiff's ward which culminated in the mortgage and conveyance were not fair and reasonable, and therefore the court did not err in setting them aside. *Alexander v. Haskins, ante*, 73. The finding of the court as to the indebtedness is favorable to the defendant, being fully as much or more than he is entitled to.

The decree is

AFFIRMED.