JOHN F. LYON *vs.* JOHN GLEASON.

May 7, 1889.

**Recording Act—Deed to Purchaser from Devisee Recorded prior to Deed of Testator.—**Where the title to real estate appears of record to be in a testator at the time of his death, and his will is subsequently duly proved in this state, and the lands are conveyed by the devisee to a *bona fide* purchaser for value, whose deed is duly recorded, the title of the latter will be preferred to that of the grantee in a deed' of the same lands, executed by the testator before his death, but recorded subsequently to the deed first mentioned.

**Probate of Will as Evidence of Testator's Death.—**The allowance and probate of a will in this state, in pursuance of Gen. St. 1878, c. 47, § 18, is sufficient evidence of the death of the testator and the devise of the lands.

Ejectment. Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial after a trial by *Young,* J., without a jury.

*Carman N. Smith,* for appellant.

*Koon & Semple* and *Kitchel, Cohen & Shaw,* for respondent.

VANDERBURGH, J.   On the 21st day of July, 1869, one William R. Richardson was the owner of the real estate in controversy in this action, and is admitted to have been the common source of title of the parties.   In respect to the defendant's title the court finds that Richardson died testate, and after his death, on the 21st day of December, 1874, his last will was duly proved, allowed, and admitted to probate in Cook county, in the state of Illinois, according to the laws of that state; and on May 16, 1881, such will was also duly proved in the probate court of Hennepin county, in this state, and was, by its decree, duly allowed, filed, and recorded in that court, and an attested copy of the will and the probate thereof was, on the 6th day of June, 1881, duly recorded in the office of the register of deeds of the county of Hennepin.   This finding is supported by the records introduced in evidence.   The will bore date July 21, 1869, and by it the testator devised all his real estate to his wife, Harriet N. Richardson, who survived him, and who, by deed of bargain and sale dated March 23, 1881, recorded April 2, 1881, granted and conveyed the lands in question here to one James E. Merritt, under whom, through mesne conveyances, also duly recorded, the defendant claims title. Defendant was a *bona fide* purchaser for value, and his deed was duly recorded May 8, 1883, since which date he has been in actual possession under it, claiming title.

1. The allowance and probate of the will in this state was evidence of the fact of the death of the testator, the devise of the lands of which he died seized, and the title thereto of Harriet N. Richardson, under whom the defendant claims.   *Pick* v. *Strong,* 26 Minn. 303, (3 N. W. Rep. 697;) *Menage* v. *Jones, supra,* p. 254; *Minn. Loan & Trust Co.* v. *Beebe, supra,* p. 7.   The records of the probate court in the matter under consideration import verity, and are not subject to be attacked collaterally.   These, with the facts above stated, were sufficient *prima facie* to establish defendant's title.

2. But, on the day he made his will, Richardson, together with his wife, executed a deed of conveyance of the same premises to one Charles E. Barrett, which deed remained unrecorded until March 6,

1888, at which date it was duly recorded in Hennepin county, and on the same day the plaintiff also caused to be recorded a deed thereof from Barrett, running to himself, dated February 1, 1888. This constitutes the evidence of plaintiff's title, which he claims to be paramount to that of defendant. The ground of this claim is that Richardson did not in fact die seized of the land, the title having, as between him and Barrett, passed by his deed to the latter; that no title, therefore, passed to the devisee; and that she acquired no preference over Barrett under the recording act by the record of the will.

It is undoubtedly true that Mrs. Richardson occupied no better position than the testator, and that, as between her and the plaintiff, his title would prevail; but it is otherwise as to *bona fide* purchasers claiming under her. They had a right to rely upon the records, and Richardson thereby apparently died seized of the premises, and his wife succeeded to his title, and appeared to be the owner thereof. They occupy the same position as if they had bought of Richardson in ignorance of Barrett's deed, and by reason of their superior diligence in registering their deeds are entitled to the same preference under the recording act as they would have had in that case. *Strong* v. *Lynn,* 38 Minn. 315, (37 N. W. Rep. 448;) *Earle* v. *Fiske,* 103 Mass. 491.

Order affirmed.