MAGGIE WALLACE, Appellant, v. MARGARET TINNEY, Appellee, MARGARET WALLACE, Intervener, Appellee, LETITIA WALLACE, substituted as guardian for MARGARET WALLACE, Insane, Appellee.

**Guardianship:** APPOINTMENT FOR INSANE PERSON : PRIOR DETERMINA-
TION OF INCOMPETENCY. A guardian of the property of a nonresident person of unsound mind may be appointed without a prior judicial determination of the mental status of such per-

son; the fact of incompetency may be established in the guardian-
ship proceedings.

Same: NOTICE OF APPLICATION.  Notice of an application for the
2  appointment of a guardian of the property of a non-resident is
not made essential to the jurisdiction of the court, either by the
statutes or any rule of constitutional law.

Same: APPOINTMENT OF GUARDIAN: COLLATERAL ATTACK.  The probate
3  court has jurisdiction to appoint a guardian of the property of
a non-resident lunatic, and the sufficiency of the showing in sup-
port of an application for that purpose can not be collaterally
attacked.

Same.  Where the record in guardianship proceedings shows the
4  ward's incompetency, and that letters of guardianship were issued,
the appointment is conclusive against collateral attack.

*Appeal from Woodbury District Court.*—HONS. F. R.
GAYNOR and DAVID MOULD, Judges.

SATURDAY, OCTOBER 23, 1909.

REHEARING DENIED TUESDAY, JANUARY 18, 1910.

IN an action brought by plaintiff against defendant
Margaret Tinney, involving the ownership of certain real
estate, Margaret Wallace intervened.  Thereafter Letitia
Wallace sought to be substituted for Margaret Wallace on
the ground that she had been appointed guardian for
Margaret Wallace; she, Margaret, being of unsound mind.
Plaintiff objected to the substitution because Letitia Wal-
lace had never been legally appointed guardian.  These
objections were overruled.  Thereupon plaintiff filed a plea
in abatement of intervener's petition, based upon the
ground that the substituted intervener had no authority
to prosecute the same.  Letitia Wallace demurred to this
plea, and the demurrer was sustained, and the plea of
abatement stricken from the files.  Plaintiff appeals.—
*Affirmed.*

*Shull, Farnsworth & Sammis* and *O. D. Nickle,* for appellant.

*E. P. Farr,* for appellee Margaret Tinney.

*F. B. Robinson* and *Jepson & Jepson,* for appellees Margaret Wallace and Letitia Wallace.

DEEMER, J.—One branch of this case has already been before this court. See *Wallace v. Wallace,* 141 Iowa, 306. After the bringing of that action Margaret Wallace, plaintiff herein, commenced this suit against defendant Margaret Tinney, her sister-in-law, being the sister of her husband, James Wallace, to quiet her title to the same property which was involved in the case which reached this court on the former appeal. Margaret Wallace, who was defendant in that action and the mother of plaintiff's husband and of John Wallace, deceased, intervened, claiming title to the property. Letitia Wallace was upon her own application appointed by the district court of Woodbury County, sitting as a court of probate, guardian of the property of Margaret Wallace, who, it is claimed, was insane, and a resident of County Antrim, Ireland. It was also alleged that Margaret Wallace was a spendthrift, and incapable of attending to her property in Woodbury County. Thereafter the guardian filed a report in which she set forth that her ward was interested in this suit, that she had employed F. B. Robinson, Esq., to look after her interests, and asked for the approval of her acts. This approval was granted, and thereupon the order of substitution was asked and obtained. The appeal is from the order of substitution, and also from the ruling on pleas in abatement filed to the petition of intervention.

The principal contention made for plaintiff and appellant is that the order for the appointment is void for the reason that the said ward, Margaret, was not given

notice of the application; that she was a resident of a foreign country over whom the court had no jurisdiction; that the hearing was *ex parte;* and that there was no finding of facts sufficient to justify the appointment. Our statute (Code, section 3202) provides: "A guardian may be appointed for a nonresident minor, idiot, lunatic, or person of unsound mind, who has property in this state, on application to the district court or judge of the county in which such property, or any part thereof, may be, who shall qualify in the same manner, have the same powers, and be subject to the same rules as guardians of resident minors." It is argued that no appointment can be made for a nonresident lunatic or person of unsound mind unless the fact of incompetency is first found by a court of competent jurisdiction. In other words, it is insisted that the status of the party must first be fixed by judicial decree. This is a strained construction of the statute. Of course, the fact of incompetency must be established; but in our opinion this may be done under the application for appointment, and need not precede the application. This view is confirmed by reference to section 225 of the Code, which reads as follows: "The district court of each county has original and exclusive jurisdiction . . . to appoint guardians of the property of all such persons, nonresidents, of or who have property within the county, subject to guardianship, or whose property is afterwards brought into the county." A court would have no jurisdiction of a purely personal action against a nonresident of the state, and could not appoint a guardian of the person of a nonresident. If appellant's contention were correct—that no appointment may be made of a guardian of the property of a nonresident, and that there should first be a judicial determination of the fact of insanity in an independent suit—this would, in effect, deprive a probate court of its power to protect the property of a nonresident laboring

*Margin note:* 1. GUARDIANSHIP: appointment for insane person: prior determination of incompetency.

under a disability. It will be observed that the appointment here was of the property, and not of the person, and it follows that the trial court must have held that Mrs. Wallace was a person of unsound mind, or a lunatic. *Harkins v. Edwards,* 1 Iowa, 426; *Hartford Bank v. Green,* 11 Iowa, 476; *Cook v. Tallman,* 40 Iowa, 133; *Scofield v. McDowell,* 47 Iowa, 129; *Ockendon v. Barnes,* 43 Iowa, 615; *Seerley v. Sater,* 68 Iowa, 376; *Guthrie v. Guthrie,* 84 Iowa, 377.

Again, it is argued that, as no notice was ever served upon Margaret Wallace of the application for the appointment of a guardian, the proceedings were void for want of notice. The allegations in the plea of abatement with reference to this matter are as follows: "Par. 6. Plaintiff further alleges that the proceedings had in the matter of appointment of said Letitia Wallace as guardian of Margaret Wallace, aforesaid, are shown by the said exhibits A, B, C, and D to be absolutely void, and that no notice was ever given to the said Margaret Wallace of said appointment, either actual or constructive." The exhibits referred to are the application for appointment, the report of the guardian, and the order of court thereon, and the order appointing the guardian. These do not show that no notice was given. But we do not think that either the statute or any rule of constitutional law requires the giving of notice of an application for the appointment of a guardian of the property of a nonresident. Surely our statute does not require any notice, and, if it be required, it must be in virtue of some general rule of law or constitutional requirement. Doubtless no guardian may be appointed for the person of another without notice, and this is what the cases for appellant seem to hold. Some of them perhaps go so far as to hold that notice must be given if the appointment is to be of a guardian for the property. But we are constrained to take a different view. Our view is

2. SAME: notice of application.

well explained in two cases, one from Minnesota and the other from Maryland. In *Kurtz v. St. Paul & D. R. Co.,* 48 Minn. 339 (51 N. W. 221, 31 Am. St. Rep. 657), the Supreme Court of Minnesota said:

The power to appoint a guardian of the estate of a nonresident minor situated in this state is unquestioned, and the purpose of so doing is the same as in appointing a guardian of the person and estate of a resident minor. Notice of the hearing of such appointment is not a constitutional prerequisite to the jurisdiction to name a guardian. Appointing a guardian deprives no one of his property, and does not change or affect the title to it. Letters of guardianship are merely a commission which places the property of the ward in the care of an officer of the court as custodian, and in its effect is not essentially different from the appointment of a receiver or temporary administrator, a jurisdiction which can be, and frequently is, exercised before service of any process. The matter of notice of an application for the appointment of a guardian is therefore purely a matter of statutory requirement.

The Supreme Court of Maryland had this question before it, and in the course of its opinion said:

It had been held that proceedings in lunacy had without notice to the party alleged to be insane are void so as to render absolutely null decrees and orders passed in the cause, or by virtue of such proceedings. But the better opinion seems to be, the court having jurisdiction of the subject-matter of the proceedings, that want of notice will merely have the effect to render the proceedings voidable by the party himself, but not void as to other parties. Nor can advantage of want of notice be taken in collateral proceedings. The law is so stated in Van Fleet on Collateral Attack. In section 413 the author says: 'An insanity inquest held without notice is not void when collaterally attacked. In all proceedings where the court has the control and possession of property, holding it in trust for the rightful owner, such as proceedings in administration, admiralty, attachment, bankruptcy, and insolvency, and seizures for breach of the criminal, penal, or revenue laws, the

seizure of the property gives jurisdiction, and notice is a mere matter of courtesy. So in regard to notices to infants and *non compotes.'* . . . In cases of adjudication of insanity and the appointment of a guardian all necessary prior steps are presumed; so, where the record in such a case was silent as to service, it was presumed. In a collateral case the record was silent as to whether the defendant had been produced in court, or his presence dispensed with, and it was held that the presumption was that he was produced, or that the court dispensed with his production, and the text is fully sustained by the case of *Ockendon v. Barnes,* 43 Iowa, 616.

See *Packard v. Ulrich,* 106 Md. 246 (67 Atl. 247, 12 L. R. A. (N. S.) 895). Of course, if notice were essential to jurisdiction and none was given, the appointment would be void and of no effect; but it does not sufficiently appear that none was given, and, if it did so appear, we are of opinion that no notice was required. Letitia Wallace had letters of appointment from the probate court, and the trial court was justified in substituting her in place of her ward.

The plea in abatement of the petition of intervention was a collateral attack upon the appointment made by the probate court. It is said that the hearing in the probate court was *ex parte,* based entirely upon the averments of the application that no testimony was adduced, and that the proceedings were *coram non judice.* These claims are not sustained by the record. Moreover, the probate court clearly had jurisdiction to appoint a guardian of the property of a nonresident lunatic or insane person. Such an appointment was made, and the plea in abatement filed in this case is a collateral attack upon the probate proceedings. The sufficiency of the showing, the court having jurisdiction, can not be raised by collateral attack. This is sustained by the unbroken voice of authority. *Guthrie v. Guthrie,* 84 Iowa, 372; *Ockendon v. Barnes,* 43 Iowa, 615;

3. SAME: appointment of guardian: collateral attack.

*Minnesota Loan & Trust Co. v. Beebe*, 40 Minn. 7 (41 N. W. 232, 2 L. R. A. 418); *Pick v. Strong*, 26 Minn. 303 (3 N. W. 697).

The last and only other proposition made for appellant is that the probate record does not show a finding that Margaret Wallace was insane, but, on the contrary, simply finds that it was for the best interest of the property and the estate that a guardian be appointed of the property. This is too narrow a construction of the order, which should be considered and construed in its entirety. That shows a finding of Mrs. Wallace's incompetency, and it also appears that letters of guardianship were issued. That such appointment is conclusive against a collateral attack, see *Moreland v. Lawrence*, 23 Minn. 84; *Ockendon v. Barnes*, 43 Iowa, 615.

4. SAME.

Our conclusions in this case are bottomed upon the fact that the appointment here was of a guardian of the property of a nonresident, insane person. Had the appointment been of a guardian of the person or of a guardian of the person and property, a different rule would doubtless obtain upon the question of notice.

There was no error in the order of substitution or in the ruling sustaining the demurrer to the plea of abatement. They must therefore be *affirmed*.