Mrs. Orlo Smith Edwards, Guardian, Appellant, v. Ferris L. Smith et al., Appellees.

No. 47065.

November 11, 1947.

Edward F. Rate, of Iowa City, for appellant.

Swift & Swift, of Marengo, for Milton C. Smith, Kendal K. Smith, and J. L. Swift, guardian ad litem for Kendal K. Smith, appellees.

Smith, J.—The sole question is: May a guardian of the property of an incompetent resident of the state of Iowa be legally appointed in the county of his residence on timely personal service of notice upon him outside the state?

The petition asserts the incompetency of defendant Kendal K. Smith since his discharge from United States Coast Guard duty, his continued residence in Poweshiek County, Iowa, his admission as a patient in St. Elizabeth's Hospital, Washington, D. C., and that plaintiff was in Poweshiek county appointed guardian of his property upon personal service of notice made upon him in said hospital.

The petition further alleges that as such guardian she has taken possession of and has administered certain property and funds belonging to her ward but that his retirement pay from the coast guard has been and is being withheld by the Comptroller General of the United States because of doubt as to the legality of her appointment upon such service of notice.

Plaintiff prays for a declaratory judgment to establish the validity of her appointment and appeals from an order denying her petition, following a motion to dismiss filed by defendant Milton C. Smith, a brother of plaintiff and of the alleged incompetent. We treat the order as in effect a declaratory judgment that her appointment was illegal.

The motion to dismiss and the trial court's ruling are based on the decision of this court in Raher v. Raher, 150 Iowa 511, 129 N. W. 494, 35 L. R. A., N. S., 292, Ann. Cas. 1912 D, 680.

Appellant urges the unsoundness of the Raher decision upon two grounds: (1) The proceeding for appointment of a guardian of property is not in personam, as therein announced, but in rem, and the court has jurisdiction by virtue of the situs of the property within the county and state; and (2) whether the proceeding be in rem or in personam the court by personal service even outside the state obtained jurisdiction over the ward because he was a resident of Iowa and subject to the jurisdiction of her courts.

Appellee stands squarely on the doctrine of stare decisis, does not discuss the merits of the Raher decision, but argues that decision has been cited with approval in later cases and should not be now overruled.

I. Plaintiff was appointed merely as guardian of property. So strictly speaking we are not required to consider the broader field of guardianship of the person. However, in either field an appointment must be based on a finding of mental incompetency and that finding may affect the ward's personal rights quite apart from the question of immediate control and care of his property. The adjudication may not be conclusive for all purposes or in other forms of proceeding (a matter we need not now decide) but nonetheless it may be seriously prejudicial to the alleged incompetent.

The Raher case, decided in 1911, involved an appeal in an equity case brought by a ward to set aside the judgment declaring him of unsound mind and appointing a *guardian of his property* based on personal service of the original notice upon him outside the state. We held the appointment invalid because the state had no power to authorize personal judgment upon such extraterritorial service of notice. There was a vigorous dissenting opinion. The decision had the effect of nullifying that part of section 3800 of the Code of 1897 (now section 624.22, Code, 1946) that purported to authorize personal judgment upon such service.

It should be noted both parties in that case conceded the proceedings were in personam. The majority opinion cited Brown v. Lambe, 119 Iowa 404, 93 N. W. 486, in support of that proposition. The dissenting opinion did not question its correctness but based the entire dissent upon the contention that the state retains jurisdiction of its own residents while temporarily out of the state and its courts can (the statute so providing) render personal judgment against them upon personal service outside as well as inside.

Nor does the dissenting opinion attempt to make any distinctions where proceedings are commenced by service of process and our own in which service of an original notice is the method. We have held that the original notice in our practice is not process. Nichols v. Burlington & Louisa County Plank Road Co., 4 (Greene) Iowa 42. The majority opinion in the Raher case holds that fact makes no difference in principle since both methods serve the same purpose as the original notice derives whatever efficacy it has solely from our statutes.

II. A proceeding for appointment of a guardian (whether of person or of property) of an incompetent is adversary in form only. In essence there are no conflicting interests. Neidermyer v. Neidermyer, 237 Iowa 685, 22 N. W. 2d 346. The plaintiff is presumed to act for the benefit of the defendant and to have no personal interest in the case. The only interest involved is that of the one whose competency is questioned. The same is of course true in the instant case. Plaintiff sues in her capacity

as guardian and names the ward, his brother and herself (individually) as defendants, but there are no adverse interests. See Perry v. Roberts, 206 Iowa 303, 307, 308, 220 N. W. 85.

The point is important here, not merely on the ward's account but also because of our duty to protect constitutional rights and procedures. We may not depend alone upon the diligence and ability of counsel on either side to present every aspect of the case for consideration. We are asked to overturn a precedent of long standing involving at least two fundamental concepts: One, that guardianship proceedings are in personam; the other, that the courts of our state may not by statute be given power to render personal judgment upon personal service outside the state.

III. The premise that all guardianship proceedings (in which it is sought to appoint guardians for alleged incompetents) are in personam seems not too well supported. About a year after the Raher decision, in Cahill v. Cahill, 155 Iowa 340, 344, 136 N. W. 214, 215, it was said:

"The general, if not universal, rule now is that an adjudication of incompetency and incapacity *to manage property* is in the nature of a judgment in rem." (Italics supplied.)

The quoted language, however, was incidental and perhaps not necessary to the point being made.

Shortly before the Raher case the opinion in a will case discussed the nature of such adjudications and said:

"It is more nearly like a finding in a proceeding in rem where, as a matter of public interest and right, and for his own protection, the mental competency of an individual is determined." In re Will of Van Houten, 147 Iowa 725, 732, 124 N. W. 886, 888, 140 Am. St. Rep. 340.

And in Wallace v. Tinney, 145 Iowa 478, 122 N. W. 936, 139 Am. St. Rep. 448, it was held guardianship of the property of a nonresident of the state could be established without notice and ex parte because the property was within the jurisdiction of the court. However, in the latter case the attack on the adjudication was collateral.

It must be conceded these cases are far from conclusive of the question. On the other hand it must be said the authority cited in the Raher case is not too impressive. In the cited case, Brown v. Lambe, supra, at page 408 of 119 Iowa, page 487 of 93 N. W., it is said:

"Counsel for appellant make the contention that proceedings for the appointment of a guardian of a person of unsound mind are in rem, and not in personam. In this we do not agree. We have repeatedly held to the contrary. Gregg v. Myatt, 78 Iowa 703."

That case involved guardianship of both person and estate.

The cited Gregg case was one to set aside the probate of a will and did not involve guardianship at all. Moreover, the pertinent statement in that opinion would be open to grave criticism as an abstract proposition. In referring to the admission of wills to probate upon published notice and the statute [section 2353, Code, 1873] (now section 633.38, Code, 1946) making such probate "conclusive as to the due execution thereof, until set aside by an original or appellate proceeding" it says, at page 705 of 78 Iowa, page 462 of 42 N. W.:

"Hence notice by publication, in the absence of appearance and contest * * * will not bind parties who prosecute original proceedings. Notice of that kind is only recognized by our laws as sufficient in proceedings in rem; probate proceedings do not belong to that class."

As said by appellant here:

"No citation of authorities is considered necessary to refute the last conclusion. The estates of absentees, property of nonresident decedents and nonresident incompetents are being constantly administered in our probate courts, jurisdiction thereof being founded upon the location of the property within the boundary of the state."

We might add that the admission of a will to probate upon published notice *does* become binding if no appeal is taken or

original proceeding to set aside is brought within the time allowed. In re Estate of Huston, 238 Iowa 297, 304–306, 27 N. W. 2d 26, 30, 31. And property of intestate resident decedents is being constantly administered and distributed without personal service of notice of the opening of the estate and without such service of notice of the closing, where the court or judge prescribes a different service pursuant to section 638.36, Code, 1946.

Since the Iowa decisions are inconclusive we must weigh the Raher opinion with other scales. The initial premise upon which it rests—and must rest—seems to us unsound. Proceedings for the appointment of guardians *of property* of alleged incompetents, resident or nonresident, are at least quasi in rem. Care and conservation of the property is the primary purpose. The mental condition of the owner is incidental. An adjudication of incompetency is solely for the purpose of conserving the property in the owner's interest. In re Guardianship of Hawk, 227 Iowa 232, 240, 288 N. W. 114.

We find no formulated definition of proceedings in rem or judgments in rem that is exactly applicable here. In most cases the terms are used with reference to adversary proceedings. But we see no logical difficulty in applying the terms here. We are the more readily inclined to the view we have expressed since the purpose of the proceeding is conservation and not confiscation of defendant's property.

In 44 C. J. S., Insane Persons, section 8, it is said:

"As respects the person whose sanity is in question, it is a proceeding in personam; but in so far as it affects the public interest or the property of the incompetent it is in the nature of a proceeding in rem"; and in 50 C. J. S., Judgments, section 911b, we are told that "Judgments and decrees of probate, orphans' or surrogates' courts are at least quasi in rem, and in some cases are wholly in rem and binding on all the world."

We find support in McCormick v. Blaine, 345 Ill. 461, 473, 178 N. E. 195, 200, 77 A. L. R. 1215, for the proposition that proceedings for the appointment of a guardian of property are quasi in rem. In that case it is said:

"While a judgment appointing a conservator, entered after a finding of a jury that a person is incompetent, is, as the cases hold, in the nature of a proceeding in rem, in that it is binding on all the world, it by no means follows that a petition to inquire into the mental condition of such person which seeks the custody of such person is in rem."

And again, on page 474 of 345 Ill., the Illinois court says:

"It is conceded—as, indeed, it must be—that the state has jurisdiction to appoint a conservator of the property of a person domiciled in such state who is absent from the state but who has property within that state. This is on the ground that the state has jurisdiction of the property within its borders."

That case, on appeal, involved only the question of guardianship of the person. There was no appeal taken from that part of the decree of the lower court upholding the appointment of guardian of the property of the ward whose domicile was in the state but who was served outside the state. However, there is an illuminating discussion of the whole subject with citation and review of many cases.

IV. What we have said makes unnecessary any discussion of the constitutional power of the court to award personal judgment against a resident of the state upon service of notice outside the state under authority of section 624.22, Code, 1946 (formerly section 3800, Code of 1897, as cited in the Raher case); or to canvass the theory that proceedings for appointment of guardianship of the person of a resident of the state are in rem because involving a question of status. Those interested in such discussions might read Mabee v. McDonald, 107 Tex. 139, 175 S. W. 676; McDonald v. Mabee, 243 U. S. 90, 37 S. Ct. 343, 61 L. Ed. 608, L. R. A. 1917F, 458; In re Hendrickson, 40 S. D. 211, 167 N. W. 172; McCormick v. Blaine, supra; annotation 35 L. R. A., N. S., 296.

It does seem that personal service outside the state upon a resident defendant should satisfy constitutional requirements quite as well as substituted service upon him by leaving copy with someone at his residence.

The writer of the annotation to the Raher case in 35 L. R. A., N. S., at page 296, raises the interesting question whether the decision in that case is based on the fact that the act of service was extraterritorial or on the fact that the defendant was beyond the jurisdiction of the court. The opinion in Bennett v. Chicago Lumber & Coal Co., 201 Iowa 770, 780, 208 N. W. 519, seems to answer that query.

The old theory that the court could obtain jurisdiction of the person of a nonappearing defendant only by service of *process* issuing out of the court necessarily implied that the act of service actually be performed within the territorial limits of the court's power. But service of *process* is no longer required and various forms of service of notice are recognized as constitutionally sound. These changes seem to point to a changed conception or theory of jurisdiction of the person justifying personal judgment.

However, these are thoughts we need not pursue in the instant case. We hold a judgment appointing guardian of a ward's property in Iowa is in rem and properly based upon personal service outside the state. The decision in Raher v. Raher, 150 Iowa 511, 129 N. W. 494, 35 L. R. A., N. S., 292, Ann. Cas. 1912D, 680, must be overruled.

The decree is accordingly reversed.—Reversed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, MULRONEY, and HAYS, JJ., concur.