# IN THE COURT OF APPEALS OF IOWA

No. 17-1128
Filed August 15, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JILL TJERNAGEL,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Hamilton County, James A. McGlynn, Judge.


　　　　Jill Tjernagel appeals the district court's denial of her motion to dismiss a criminal prosecution following a reversal of her conviction and remand for a new trial. **REVERSED AND REMANDED.**


　　　　Brandon J. Brown, Robert P. Montgomery, and Gina M. Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, LLP, Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.


　　　　Considered by Vaitheswaran, P.J., Mullins, J., and Mahan, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MULLINS, Judge.**

A jury convicted Jill Tjernagel of second-degree sexual abuse.  Tjernagel appealed her conviction, raising the following arguments:

> (1) trial counsel rendered ineffective assistance resulting in prejudice by failing to object to (a) impermissible expert testimony consisting of vouching for the credibility of the victim, using statistics to imply guilt, profiling the defendant, and giving information that was within the common knowledge of the jurors, and (b) misconduct by the prosecutor in soliciting expert vouching testimony; (2) the district court erred in denying her motion for new trial based on her claims of impermissible vouching testimony by expert witnesses; (3) the jury wrongfully considered extraneous and inaccurate information regarding punishment; (4) her rights to compulsory process and due process were violated when the district court quashed subpoenas for prosecutor testimony in relation to her claims of prosecutorial misconduct; and (5) cumulative evidentiary and constitutional errors violated her rights to a fair trial and due process.

*State v. Tjernagel*, No. 15-1519, 2017 WL 108291, at *1 (Iowa Ct. App. Jan. 11, 2017).  A panel of this court concluded Tjernagel's trial counsel did not render "ineffective assistance in failing to object to the expert witnesses' testimony based on claims the experts used statistics at trial, profiled Tjernagel as a sex offender, or testified about topics within the common knowledge of the jurors."  *Id.* at *10. However, we found Tjernagel's trial counsel rendered ineffective assistance in failing to object to statements made by expert witnesses vouching for the alleged victim's credibility and truthfulness.  *Id.*  "We [did] not reach Tjernagel's other claims."  *Id.*  We reversed Tjernagel's conviction and remanded the matter for a new trial.  *Id.*  Although Tjernagel raised several grounds for relief in her first appeal, the only relief sought was a new trial.  We granted a new trial and did not need to reach any other grounds in order to resolve the appeal.

On remand, Tjernagel filed a pretrial motion to dismiss in which she contended the State committed prosecutorial misconduct by eliciting the vouching testimony and a second trial should therefore be barred by the double jeopardy provision of the Iowa Constitution. The double jeopardy issue was not raised in her first appeal. In her motion and supporting brief, Tjernagel requested subpoenas for the purpose of examining the prosecutors in an evidentiary hearing.

Acknowledging this court did not reach the prosecutorial-misconduct issue on direct appeal, the district court viewed Tjernagel's motion as a request "to amend, enlarge, correct, or otherwise modify" this court's decision. The court stated the "threshold question" was whether it "has the authority or jurisdiction to consider an issue the appeals court did not reach." Ultimately, the district court declined to consider the merits of the motion, reasoning that our appellate ruling mandated a new trial and it was therefore "without authority or jurisdiction to grant the defense motion." In response to Tjernagel's subsequent motion to reconsider, the district court ruled:

> If the Court of Appeals had wanted the trial court to hold a hearing in which the prosecutor is subpoenaed and examined and in which the defense would be allowed to make an evidentiary record on prosecutorial misconduct, then the Court of Appeals would have, could have and should have remanded with those explicit instructions. For whatever reasons, the Court of Appeals chose not to remand with those directions. Instead, the Court of Appeals provided this court with one simple direction: to retry the defendant.

The court therefore denied the motion to dismiss.

The supreme court ultimately granted Tjernagel's subsequent application for discretionary review, stayed the proceedings in the district court, and transferred the matter to this court for resolution. Our review is for correction of

errors at law. *State v. Dixon*, 534 N.W.2d 435, 438 (Iowa 1995), *receded from on other grounds by State v. Huss*, 657 N.W.2d 447, 453–54 (Iowa 2003).

On appeal, Tjernagel argues the district court had authority and jurisdiction to consider the motion to dismiss and the court therefore erred in declining to entertain the merits of the motion. The State agrees but argues the error was harmless because Tjernagel's motion would have failed on the merits. The State requests that we consider the merits of the motion to dismiss for the first time on appeal, affirm the denial of the motion, and remand the case for a new trial.

Although we may choose to proceed with a review of the merits of Tjernagel's double jeopardy claim, "we are not bound to do so." *See Squealer Feeds v. Pickering*, 530 N.W.2d 678, 682 (Iowa 1995), *abrogated on other grounds by Wells Dairy, Inc. v. Am. Indus. Refrigeration, Inc.*, 690 N.W.2d 38 (Iowa 2004). The parties agree the district court erred in declining to consider the merits of Tjernagel's motion to dismiss. Although in her first appeal Tjernagel raised prosecutorial misconduct as a ground for relief, she did not raise a double jeopardy issue or claim of dismissal, so we had no cause to consider those issues. As such, after the remand, Tjernagel should not have been denied her day in court to be heard and fully litigate her motion. *Cf. Raher v. Raher*, 129 N.W. 494, 506 (Iowa 1911) ("Every one is entitled to his day in court, and to the right of being heard before a [ruling] of any kind is rendered against him." (citation omitted)), *overruled on other grounds by Edwards v. Smith*, 29 N.W.2d 404, 407 (Iowa 1947). We find it more appropriate for the motion to dismiss to be fully litigated before the district court than before an appellate court. *Cf. Iowa State Dep't of Health v. Hertko*, 282 N.W.2d 744, 755 (Iowa 1979) (declining, where district court improperly failed to

consider the merits of a motion, to consider the merits on appeal and instead directing the same to be considered by the district court on remand).

We decline to consider the merits of the motion to dismiss for the first time on appeal. We therefore reverse the district court's denial of Tjernagel's motion to dismiss and remand the matter to the district court for consideration of the motion on the merits. At this juncture, we decline Tjernagel's request that we "instruct the district court to allow a subpoena on the prosecutors from [her] first trial" for the purpose of developing a factual record.[1] The district court should be and is allowed to consider all aspects of Tjernagel's motion before it decides any of the issues.[2]

**REVERSED AND REMANDED.**

---

[1] The parties agree Tjernagel's request that we order the motion to dismiss to be considered by a different judge on remand has been rendered moot. We therefore take no action on that request.

[2] This opinion is limited to deciding Tjernagel is entitled to a hearing on her motion and is not intended to suggest any particular outcome of any aspect of the pending issues.